

★ SEP 30 2009 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK  BROOKLYN OFFICE

-------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY  :
COMMISSION,                                             :   Civil Action No.
                                                        :
          Plaintiff,                                    :
                                                        :   **09  4212**
          v.                                            :
                                                        :   **COMPLAINT**
M&R CHILDREN'S WEAR, INC.,                              :
RAQUEL DISCOUNT STORES, INC.,                           :   <u>JURY TRIAL DEMAND</u>
and DUAV CHILDREN'S WEAR, INC.                          :
(all d/b/a HAPPY DAYS CHILDREN'S                        :
WEAR)                                                   :
                                                        :
          Defendant.                                    :
-------------------------------------------------------x

GEESON, J.

## <u>NATURE OF THE ACTION</u>     GO, M.J.

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and pregnancy, and to provide appropriate relief to Milka Morillo, who was adversely affected by such practices. As alleged with greater specificity below in paragraphs eight (8) and nine (9), Plaintiff, the Equal Employment Opportunity Commission, alleges that Defendant, M&R Children's Wear, Inc., Raquel Discount Stores, Inc. and Duav Children's Wear, Inc., collectively doing business as Happy Days Children's Wear, engaged in sex discrimination by terminating Ms. Morillo's employment because of her pregnancy.

## <u>JURISDICTION AND VENUE</u>

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.  The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3.  The Equal Employment Opportunity Commission (hereinafter "the Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.  At all relevant times, M&R Children's Wear, Inc., Raquel Discount Stores, Inc., Duav Children's Wear, Inc., all doing business as Happy Days Children's Wear (hereinafter "Defendants" or "Happy Days") have continuously been companies doing business in the State of New York and have continuously had at least fifteen (15) employees.

5.  At all relevant times, M&R Children's Wear, Inc., Raquel Discount Stores, Inc., Duav Children's Wear, Inc., all doing business as Happy Days Children's Wear have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.  M&R Children's Wear, Inc., Raquel Discount Stores, Inc. and Duav Children's Wear, Inc., collectively do business as Happy Days Children's Wear.

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Milka Morillo filed a charge with the Commission alleging violations of Title VII by Happy Days. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  On or about July 20, 2008, Happy Days terminated Ms. Morillo's employment in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2. A short and plain statement of the

claim is as follows:

    a.    Ms. Morillo began her employment as a cashier with Happy Days at its 5th Avenue location in Brooklyn, New York in or about July 2001.

    b.    In or around May 2008, when she was four months pregnant, she told Happy Days that she was pregnant. Two months later, on July 20, 2008, she was fired.

9.    Defendant's multiple and inconsistent explanations for Ms. Morillo's termination including, but not limited to, those discussed below are pretextual and false. There is no documentation regarding any performance issues concerning Ms. Morillo and she was never informed otherwise of any such issues.

    a.    Defendant's assertion that Ms. Morillo's termination was part of a downsizing of the company is false as Defendant hired cashiers both the week prior to and the week after Ms. Morillo's termination.

    b.    Defendant's assertion that Ms. Morillo's termination was part of a plan to change over all cashiers following an alleged missing inventory problem is false as Ms. Morillo was kept on for five and one-half months after the alleged problem was discovered and other cashiers were not terminated around that time.

10.    The effect of the decision to terminate Milka Morillo's employment has been to deprive her of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

11.    The unlawful employment practices complained of above were intentional.

12.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Milka Morillo.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex.

B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of Defendant's past and present unlawful employment practices.

C.   Order Defendant to make whole Milka Morillo by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

D.   Order Defendant to make whole Milka Morillo by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.   Order Defendant to make whole Milka Morillo by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

F.   Order Defendant to pay Milka Morillo punitive damages for Defendants's malicious and reckless conduct described above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 30, 2009
       New York, NY

                              Respectfully submitted,

                              James L. Lee
                              Deputy General Counsel

                              Gwendolyn Y. Reams
                              Associate General Counsel

                              */s/ Elizabeth Grossman*
                              Elizabeth Grossman
                              Regional Attorney

                              */s/ Robert D. Rose*
                              Robert D. Rose
                              Supervisory Trial Attorney


                              New York District Office
                              33 Whitehall Street, 5th Floor
                              New York, NY 10004-2112
                              (212) 336-3708
                              (212) 336-3623 (facsimile)
                              Elizabeth.grossman@eeoc.gov
                              Robert.rose@eeoc.gov